UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

MOHAMMED KHARYUL HUSSAIN,

   Petitioner,

  v.            26-CV-850 (JLS)

WARDEN OF BUFFALO SERVICE
PROCESSING CENTER; DIRECTOR,
BUFFALO FIELD OFFICE FOR THE
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT AND REMOVAL
OPERATIONS ("ICE/ERO") FIELD
OFFICE; MARKWAYNE MULLIN, *in his
official capacity, Secretary of the U.S.
Department of Homeland Security*; TODD
LYONS, *in his official capacity, Acting
Director U.S. Immigration and Customs
Enforcement*; TODD BLANCHE, *in his
official capacity, U.S. Attorney General of
the United States*,

   Respondents.

_____

## DECISION AND ORDER

Petitioner Mohammed Kharyul Hussain, a citizen of Bangladesh, commenced

this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his detention in

the custody of the Department of Homeland Security ("DHS"). *See* Dkt. 1; *see also*

Dkt. 7, at 4 ("Petitioner is a citizen of Bangladesh."). For the reasons below,

Respondents' motion to dismiss is granted, and the petition is dismissed.

## BACKGROUND

In 1998, Petitioner entered the United States on a tourist visa.  Dkt. 1, at 2 ¶ 3.  He has been physically present in the United States for over twenty-eight years.  Dkt. 7, at 4; *see also* Dkt. 1, at 2 ¶ 3 ("Petitioner and his family members have resided in the United States for more than twenty years.").

Some time after he entered the United States, Petitioner applied for cancellation of removal.[1]  Dkt. 1, at 2 ¶ 4.  He was placed in removal proceedings in 2011.  Dkt. 7, at 4.  Petitioner was ordered removed on September 10, 2020.  Dkt. 1, at 2 ¶ 4.  He appealed the removal order to the Board of Immigration Appeals, which dismissed his appeal on March 20, 2026.  *Id.*  On April 15, 2026, Petitioner filed a petition for review of the denial of his application for cancellation of removal with the United States Court of Appeals for the Second Circuit and, on April 21, 2026, he moved in that court for a stay of removal.  *Id.*; *see also* Dkt. 7, at 30 (indicating Second Circuit filing dates).  According to the Second Circuit docket, the Second Circuit dismissed the petition for review and denied as moot the motion to stay removal on July 22, 2026.  *See Hussain v. Blanche*, 26-983 (2d Cir. 2026), at Dkt. 25.

On April 22, 2026, Petitioner was arrested.  Dkt. 1, at 2 ¶ 5.  He has remained detained since that time.

---

[1] Petitioner also is the beneficiary of a Petition for Alien Relative (Form I-130).  Dkt. 1, at 2 ¶ 3.

Petitioner commenced this proceeding on April 27, 2026. Dkt. 1. He also moved for a temporary restraining order ("TRO"). Dkt. 2. The Court denied the TRO to the extent that it sought an order enjoining Respondents from transferring Petitioner outside the Western District of New York and from removing him from the United States while this proceeding is pending. Dkt. 3. On May 18, 2026, Respondents moved to dismiss the petition. Dkt. 5. Petitioner responded to the motion to dismiss. Dkt. 7.

Because Petitioner's detention is lawful under 8 U.S.C. § 1231, the petition must be dismissed.

## DISCUSSION

### I.   Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, only circuit courts have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . , which circuit courts alone can consider."). District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

3

Petitioner asks the Court to review his detention—a request that falls within this Court's limited jurisdiction over immigration matters.

## II.    Petitioner's Detention is Lawful under 8 U.S.C. § 1231

The Court concludes that 8 U.S.C. § 1231 governs Petitioner's detention because: (1) he is subject to a final order of removal, and (2) has not obtained a stay of removal from the Second Circuit.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from the United States following the entry of a final order of deportation or removal. *Id.* § 1231(a)(1)(A). The removal period begins at the latest of the following events:

> (i)    The date the order of removal becomes administratively final;
>
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. *Id.* § 1231(a)(2). After this removal period is over, detention is discretionary; an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* An alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

When the Board of Immigration Appeals dismissed Petitioner's appeal on March 20, 2026, his order of removal became administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i);[2] 8 C.F.R. § 1241.1(a). The ninety-day removal period under the statute expired on June 18, 2026. Dkt. 5-1, at 4. The six-month "presumptively reasonable" period under *Zadvydas* expires on September 20, 2026.[3] Petitioner has been detained—under Section 1231—for less than six months. The petition, therefore, is premature.

---

[2] Neither of the other subsections of Section 1231(a)(1)(B) applies here. The Second Circuit did not order a stay of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(ii), and (to this Court's knowledge), Petitioner has not been released from detention, *see* 8 U.S.C. § 1231(a)(1)(B)(iii).

[3] Respondents calculate the six-month expiration date as September 16, 2026. Dkt. 5-1, at 4. This Court calculates it as September 20, 2026. The outcome is the same under either date.

## CONCLUSION

For these reasons, Respondents' motion to dismiss (Dkt. 5) is GRANTED, and Petitioner's petition (Dkt. 1) is DISMISSED without prejudice. The balance of Petitioner's motion for a TRO (Dkt. 2) is DENIED AS MOOT. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:      August 12, 2026
            Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE